Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Avenue
Ambler, PA 19002
T: (215) 540-8888; F: (800) 863-1689
ckimmel@lemonlaw.com

Attorneys for Plaintiff
COLLEEN KROK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLLEEN KROK, ) | **Case No.:** |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

COLLEEN KROK ("Plaintiff"), by her attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS,

INC., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection

   Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states

   that such actions may be brought and heard before "any appropriate United

   States district court without regard to the amount in controversy," and *28*

1

*U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3.  Defendant conducts business and has an office in the state of Pennsylvania, and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

5.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

6.  Plaintiff is a natural person residing at 1119 Pinegrove Avenue Lansdale, Pennsylvania 19446.

7.  Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

8.  Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant and others it retained, began in July of 2008 through the present to constantly and continuously place collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed by her daughter "Lori Ross" and "Lori Ann Ross" for amounts NCO had no reason to call Plaintiff about.

PLAINTIFF'S COMPLAINT

12. Defendant and others it retained placed calls to Plaintiff's home telephone at 215-362-9212.

13. Defendant places calls to Plaintiff from the telephone number 866-473-9021 and others.

14. Defendant identified the case number being called about as "4903UI".

15. Defendant was told by Plaintiff that she lived alone, that Lori Ross (aka "Lori Ann Ross") was her daughter, that they did not live together.

16. Plaintiff demanded that calls stop immediately but her instructions were disregarded by Defendant and others it retained.

17. Defendant refused/refuses to heed Plaintiff's instructions and continues/continued calling Plaintiff from July 2008 through at least July 29, 2009.

18. Defendant utilizes a computer program (a/k/a "auto dialer") to persist in harassment of Plaintiff, using a recorded message, without a live person to speak to unless the caller/Plaintiff navigates a series of voice prompts.

19. Plaintiff did navigate the voice prompts on occasion, speaking to live persons and demanding the calls to stop, but to her utter dismay, these instructions were not acted upon and Defendant persisted in its harassment behavior.

20. Defendant left voice mail messages on Plaintiff's phone answering machine that stated: "This is NCO Financial, Call Mr. Parker immediately at 866-472-9021 Ref # 4903UI"

21. Upon information and belief, "Mr. Parker" is not a real person, but a code term utilized by Defendant to identify the type of call for its operators.

22. Upon information and belief, such code words are used so that when a

PLAINTIFF'S COMPLAINT

return call is made by the party being (improperly) contacted (harassed), the purpose of the original call can be derived quickly to identify the subject matter of the communication by Defendant.

23. Defendant's use of the "Mr. Parker" code is/was deceptive as no such person exists and is a practice done solely to aid in harassment activity.

24. Calls continue to be received, for example: June 17, 2009 2:51pm (Parker message), June 18, 2009 8:35pm (recording), June 22, 2009 am (recording) and June 29, 2009 to name a few.

25. Defendant and others it retained, often call more than twice a day.

26. On one occasion, Plaintiff has hung up on Defendant's representative after explaining (again) that Lori Ross doesn't live at her house and not to call again, followed by Defendant's representative calling back immediately, and unapologetically to harass her further.

27. Defendant calls/called repetitively, with aid of a computer auto dialer, until Plaintiff calls back or answers the phone.

28. Defendant and others it retained to collect the debt with it, failed to maintain accurate records of Plaintiff's responses to the calls and in many cases did not accurately record the time when such calls were made, the response from Plaintiff or other important information, an oversight that shows fewer contacts with Plaintiff than actually occurred.

29. Repetitive calls to Plaintiff are/where disturbing, harassing, an invasion of privacy and made Plaintiff feel wary about answering the telephone for any number she did not recognize.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692 generally.*

b. Defendant violated §1692(b)(3) by communicating with Plaintiff more than once and not requested to do so, without Defendant having a reasonable belief that the earlier response of Plaintiff was erroneous or incomplete or that such person now has or wishes to furnish correct or complete location information

c. Defendant violated *§1692c(b)* and of the FDCPA by contacting Plaintiff seeking to collect a debt of another, regularly and without cessation, for approximately 12 months, after being told repeatedly that the person sought did not reside at the address/number being called.

d. Defendant violated §1692d for engaging in conduct the natural consequence of which is the abuse and harassment of plaintiff

e. Defendant violated *§1692d(5)* and of the FDCPA by causing a telephone to ring and engaging Plaintiffs in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

f. Defendant violated *§1692d(6)* and of the FDCPA by placing telephone calls and leaving messages from "Mr. Parker" who did not in fact exist and therefore in a manner that Defendant had not meaningfully disclosed the callers identity by design and/or plan.

g. Defendant violated §1692(e)(10) by engaging in deceptive practices

5

based upon "Mr. Parker" and the use of the auto dialer to secure a response from Plaintiff as further means to harass.

31. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, COLLEEN KROK, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

32. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

33. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

34. Actual damages,

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

36. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, COLLEEN KROK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:  August 12, 2009          KIMMEL & SILVERMAN, P.C..


By:  __/s/ Craig Thor Kimmel_____

Craig Thor Kimmel, Esquire
Attorney for Plaintiff

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

PLAINTIFF'S COMPLAINT

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF __Pennsylvania_____

      Plaintiff, COLLEEN KROK, states as follows:

1.     I am the Plaintiff in this civil proceeding.
2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, COLLEEN KROK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE:_____       _____

                                     COLLEEN KROK

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**<u>EXHIBIT A</u>**

PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## EXHIBIT B

PLAINTIFF'S COMPLAINT